FILED
UNITED STATES DISTRICT COURT U.S. DIST COURT
MIDDLE DIST OF LA
MIDDLE DISTRICT OF LOUISIANA
2007 MAR 14 P 2: 19

SIGN
BY DEPUTY CLERK

YAKOV G. DRABOVSKIY (#07245032)

VERSUS                                      CIVIL ACTION

INS, ET AL                                  NUMBER 07-172-JJB-DLD


## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have ten days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein. Failure to file written objections to the proposed findings, conclusions and recommendations within ten days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Baton Rouge, Louisiana, March ___14___, 2007.

_____
DOCIA L. DALBY
UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

YAKOV G. DRABOVSKIY (#07245032)

| | |
|---|---|
| VERSUS | CIVIL ACTION |
| INS, ET AL | NUMBER 07-172-JJB-DLD |

MAGISTRATE JUDGE'S REPORT

Petitioner Yakov G. Drabovskiy, an inmate at the Federal Correctional Institute, Manchester, Kentucky, filed an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.

Petitioner was found guilty of conspiracy to distribute controlled substances in the United States District Court for the Eastern District of Kentucky.[1] Petitioner was sentenced to 41 months imprisonment. Petitioner's appeal is currently pending before the United States Court of Appeals for the Sixth Circuit.

A collateral attack on a federal criminal conviction is generally limited to a motion to correct, vacate or set aside sentence pursuant to 28 U.S.C. § 2255. *Tolliver v. Dobre*, 211 F.3d 876, 877 (5th Cir. 2000). A § 2241 petition which attacks errors that occur at trial or sentencing is properly construed under § 2255. *Id.* at 877-78; *Solsona v. Warden, F.C.I.*, 821 F.2d 1129, 1131-32 (5th Cir. 1987). Petitioner's application falls within the

---

[1] There is no record that Drabovskiy has ever been convicted and sentenced in the United States District Court for the Middle District of Louisiana. He has no criminal matters pending before this court and is not incarcerated in this district. Drabovskiy does not state any basis for subject matter jurisdiction in the Middle District of Louisiana.

purview of § 2255 because it challenges the validity of his conviction and sentence.

A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence. 28 U.S.C. § 2255.

A district court does not have subject matter jurisdiction over issues concerning the imposition of a sentence by another district court unless it appears that the remedy by motion to the sentencing court is inadequate or ineffective to test the legality of an inmate's detention. 28 U.S.C. §2255; *DeSimone v. Lacy*, 805 F.2d 321, 323 (8th Cir. 1986). In bringing a § 2255 petition in the district of incarceration, the petitioner has the burden of demonstrating that § 2255 relief in the sentencing court would be unavailable or ineffective. *DeSimone, supra*.

Petitioner is not incarcerated in this district nor has he demonstrated that relief pursuant to § 2255 would be unavailable or ineffective in the sentencing court.

### RECOMMENDATION

It is the recommendation of the magistrate judge that the petitioner's habeas corpus application be dismissed for lack of subject matter jurisdiction.

Baton Rouge, Louisiana, March 14, 2007.

DOCIA L. DALBY
UNITED STATES MAGISTRATE JUDGE